UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
ALBERT ADEFEMI,

                    Petitioner,

-against-

ALBERTO GONZALES, MICHAEL CHERTOFF,
DALE DAUZUT, and DEPARTMENT OF HOMELAND
SECURITY,

                    Respondents.
------------------------------------------------------------- X

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On January 23, 2006 petitioner Albert Adefemi ("petitioner") filed a motion for an emergency stay of final order of deportation in this court. For the reasons discussed below, the court dismisses petitioner's motion for lack of jurisdiction.

Under the REAL ID Act, the Court of Appeals is the "sole and exclusive means for judicial review of an order of removal." See 8 U.S.C. § 1252(a)(5). The REAL ID Act further specifies that "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2); see also Marquez-Almanzar v. INS, 418 F.3d 210, 215, 216 n.6 (2d Cir. 2005). Here, the removal proceedings apparently occurred in United States Immigration Court in Atlanta, Georgia.[1] Therefore, the Eleventh Circuit has exclusive jurisdiction over the petition for review. Moreover,

---

[1] On September 16, 2005, petitioner filed a previous motion in this court for an emergency stay of the government's final order of deportation. See Adefemi v. Gonzales, 05 Civ. 4406. The government's response indicated that his deportation proceedings took place in Atlanta, Georgia. See Resp't Ex. C, Adefemi v. Gonzales, 05 Civ. 4406. It should be noted that this court dismissed petitioner's previous stay motion on similar grounds as the dismissal of this motion. See Adefemi v. Gonzales, 05 Civ. 4406 (E.D.N.Y. Sept. 26, 2005).

1

the Eleventh Circuit also has authority to issue a stay of removal. See § 1252(b)(3)(B). Given that the court lacks jurisdiction to review the merits of petitioner's challenges to his deportation order and that the REAL ID Act grants authority to issue stays of removal to the Court of Appeals, this court lacks jurisdiction to review petitioner's request for a stay of the government's final order of deportation. Accord Puamau v. Still, No. C 05-03713 SI, 2005 WL 2988733, at *2 (N.D. Cal. Nov. 7, 2005); see also Garay v. Slattery, 23 F.3d 744, 745 (2d Cir. 1994) (affirming district court's denial of petitioner's stay request, in part, because court of appeals had exclusive jurisdiction over challenges to final orders of deportation).

For the foregoing reasons, the court hereby dismisses petitioner's motion for a stay of final order of deportation for lack of jurisdiction. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: January 24, 2006
    Brooklyn, New York

SERVICE LIST

*Pro Se* Petitioner:
Albert Adefemi
A90 358 688
Tensas Detention Center
8606 Highway 65
Waterproof, LA 71375